# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE JAMAL ROBINSON,<br><br>　　　　　　　　Petitioner,<br>　vs.<br><br>M. McDONALD, Warden,<br><br>　　　　　　　　Respondent. | CASE NO. 10cv1541-LAB (CAB)<br><br>**ORDER DENYING MOTION FOR STAY AND ABEYANCE** |

　　　　Petitioner Andre Jamal Robinson is a prisoner in state custody and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 21, 2013, the Court denied petition, and denied a certificate of appealability. Robinson then submitted for filing a pleading styled "Motion for Stay and Abeyance." The Court accepted this for filing, construing it as a motion for reconsideration solely as to unexhausted claims. He apparently has identified some issues, which the motion does not describe, that he thinks his appellate counsel should have raised. The Court already determined that Robinson's appellate counsel was not ineffective (*see* Docket no. 35 at 9:19–10:13), so presumably there are

/ / /
/ / /
/ / /
/ / /

some other issues he wants to raise.[1] He now wants a stay and abeyance so that he can exhaust those unspecified claims.

The request is denied, for several reasons. First, stay and abeyance is available only where the unexhausted claims are potentially meritorious. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Robinson has not described his claims in enough detail to allow the Court to determine what they are. All he claims is that his trial counsel was ineffective for "failing to preserve meritorious claims for appeal" and his appellate counsel was ineffective for failing to raise "all via[bl]e claims on direct appeal." (Mot. for Stay & Abeyance, 1:26–2:1.) Second, Robinson does not meet *Rhines*' requirement that the petitioner not have been dilatory in raising his claims. *Rhines*, 544 U.S. at 278. Robinson argues that he did not know about his claims until seeing the Court's order denying his petition. Without knowing what his claims might be, the Court cannot analyze this argument in any great detail. But the Court can say with confidence that its order addressed claims raised in the magistrate judge's report and recommendation, and the report and recommendation addressed issues raised in Respondent's answer, filed in December of 2010. In other words, the order denying the petition did not clue Robinson in to some new claim he didn't realize he had. Furthermore, Robinson was given a warning in August of 2010 (Docket no. 4) of possible failure to exhaust. There is no realistic possibility that Robinson acted diligently, and every indication that this is a dilatory, last-minute effort to resurrect stale claims.

Third, exhaustion in state court is probably impossible at this point. Robinson's conviction became final over three years ago, after the California Supreme Court denied his habeas petition. (Pet. at 4.) Under state law, Robinson was required to raise his claims in a petition "within a reasonable time" and "without substantial delay." *See In re Harris*, 5 Cal.4th 813, 828 n.7 (1993). It is unlikely he can show he did so. And even if he were to exhaust his state claims, AEDPA's one-year limitations period has long expired. *See Duncan v. Walker*,

---

[1] If Robinson were attempting to relitigate the same claims the Court just dismissed, stay and abeyance would clearly be inappropriate. Some of the claims are procedurally barred and cannot be exhausted in state court, and others were exhausted but found not meritorious. Both the state courts and this Court have already adjudicated those claims, and there is nothing left to exhaust in state court.

533 U.S. 167, 172 (2001) (filing of a federal habeas petition does not toll AEDPA's statute of limitations). The only exception would be if the new claim shares a "common core of operative facts" with the claims in the filed petition; in that case, "relation back" would be available. *See Mayle v. Felix*, 545 U.S. 644, 664 (2005). Here, though, there is no way to know whether the new claims shared a common core of operative facts with those Robinson already raised because he didn't describe them. But in any case, they cannot relate back to an already-dismissed petition. *Raspberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006).

Finally, stay and abeyance is only applicable when a petition is pending; after a petition has been denied, there is nothing to stay and no petition to hold in abeyance. Even if Robinson's motion were construed as a motion to amend the petition and then stay that petition, the motion would be denied as futile and untimely.

The motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: January 8, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge